In the Matter of the Arbitration between
TUBE & STEEL CORPORATION OF
AMERICA, Petitioner,

v.

CHICAGO CARBON STEEL PRODUCTS,
Respondent.

No. 70 Civ. 4228.

United States District Court,
S. D. New York.

Dec. 4, 1970.

Lynton, Klein, Opton & Saslow, New York City, for petitioner; by Eric L. Keisman, New York City, of counsel.

OPINION

POLLACK, District Judge.

Petitioner moves to confirm an arbitration award and to enter judgment thereon. The respondent seeks to vacate the award. The arbitration was conducted in respondent's absence. The respondent had vainly tried to obtain a one week adjournment of the date of the hearing. The arbitrators refused the requested postponement and the petitioner insisted on proceeding.

A review of the entire record hereon convinces the Court that there was a patent procedural unfairness to the respondent. The personal convenience of the arbitrators was made a paramount concern over the reasonable availability and convenience of the parties. This is not tolerable conduct or good cause for refusal of a reasonable request for a one week adjournment of a hearing, particularly when the summer months of the year were involved and the respondent was required to leave his business and come a thousand miles from Chicago to New York to attend the hearing.

The demand for arbitration was made on March 30, 1970. The matter then proceeded at a pedestrian pace until the date was to be fixed for a hearing. The petitioner was represented throughout by a firm of attorneys and the respondent, a partnership, appeared *pro se*. The respondent was plainly unfamiliar with arbitration procedure and registered objections that were not cognizable except through court proceedings. However, on receipt of the names proposed by the arbitration association as arbitrators, on April 22nd, respondent complied promptly with the request to deal with the nominees by agreeing to accept any three arbitrators whom the association would choose.

The respondent was apprised in April, 1970 by the association's tribunal administrator, that the arbitration could be held between the 16th and 19th of June, 1970, and on April 22, 1970, respondent agreed to be ready for that time. For reasons not accounted for in the record,

the association did not adhere to the dates it had suggested to respondent and did not schedule a hearing in June.

Some time before July 9th, the parties had been told that all three arbitrators were available for a hearing on August 17. That date was acceptable to the petitioner and to the respondent who had advised the association that he could not appear in New York before the week of August 17, 1970. However, on July 9, 1970, the Association issued a notice of hearing for August 10, 1970.

In passing, it may be observed that the association's notice of hearing has the imprint: "NOTICE: The arbitrator(s) have arranged their schedule and reserved the above date *to meet the convenience of the Parties * * * In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, the Parties are to request a postponement no less than 48 hours before the time and date set for hearing." (Emphasis supplied).

Promptly on receipt of the notice of the hearing, and on July 11th, the respondent wrote to the association that "[a]s previously noted to you we cannot appear in New York City prior to the week of August 17, 1970." In a second letter dated July 25, 1970, the respondent reiterated

It is not a simple matter for persons for, or in behalf of, Chicago Carbon Steel Products to appear in New York City. The association graciously allowed Chicago Carbon Steel Products to make the necessary arrangements by offering the establishment of a hearing date: again, Chicago Carbon Steel Products complied with the Association. Mr. Keisman [petitioner's attorney] acknowledged and agreed to said date in his "unmailed" letter dated July 9, 1970.

On July 28, the arbitrators telephoned the tribunal clerk and reiterated that the arbitration "shall proceed on August 10, 1970." Apparently, their personal convenience did not admit of the one week postponement which was being sought.

Respondent promptly notified the association's Clerk:

Having been notified the hearing would be held on August 17, 1970, plans were made accordingly. Due to this advise [sic] from your office, plans for the week prior to the 17th were consummated subsequent to this advise [sic].

We *cannot* appear in New York on the 10th of August, 1970.

Petitioner's attorney was away on vacation but when notified of the hearing and respondent's request for an additional week, he dictated a letter to the association stating in part:

We accepted the August 17th date orally suggested by your office. When this resulted in some difficulty, we gladly accepted the August 10th date, which we were told was more * * * convenient for the Arbitrators.

The arbitrators nonetheless held firm to the determination of their convenience in the matter. (Whether this was due to summer plans or otherwise is not shown by the record).

The hearing was held on August 10th in the absence of the respondent but a letter went to it giving it 10 days to write anything it might wish to call to the attention of the arbitrators else the arbitrators would proceed to decision. They made their Award on August 26; consequently, they must have been "available" and "found it convenient" to do so during this period. This action seems inconsistent with their reported inconvenience to hear the respondent during the week of August 17th.

As previously indicated, the site of the arbitration was in New York City. Petitioner and its attorneys are located in New York City and it was only respondent, a Chicago business, which had to make travel plans and business arrangements for its representatives in order to attend the hearing. On June 12, 1970, the association had sent out its usual "request for dates" to each of the parties to enable the arbitrators to avoid fixing an inconvenient hearing date and re-

quested the parties to cross off those dates which were not acceptable for a hearing. The request form set forth the days in July and August, 1970 to be dealt with. The respondent had indicated thereon that the only dates convenient for it were August 25, 26 and 27. The record does not indicate what the petitioner excluded but we do know that the petitioner's attorney was on vacation in July.

It would be destructive of much that is hoped for by use of the arbitration process if legally unrepresented laymen were to be subjected to incomprehensible arbitrariness in fixing convenient dates for hearings. Nothing in this case indicates anything involving perishability or undue urgency which could not wait another week. It is a straight commercial claim which was processed by the petitioner a considerable period after the accrual of the claim.

It is not too much to expect that arbitrators should make themselves reasonably available if they agree to accept a designation to hear and decide a controversy. They must expect to find themselves personally inconvenienced in serving arbitral situations and they should not accept service where their personal commitments inconveniently clash with the availability of the interests to be arbitrated. Section 25 of the Commercial Arbitration Rules of this association provides expressly that "The Arbitrator * * * upon the request of a party * * * shall take such adjournment when all of the parties agree thereto."

Arbitrariness in fixing a hearing date is not a wholesome aspect of any proceeding and not only should an arbitration be devoid thereof but even the appearance thereof should be carefully avoided. The Rules clearly contemplate that the convenience of the parties, as well as that of the arbitrators, should be considered in choosing a hearing date, particularly when this can be done without prejudice to the merits of the claim in arbitration and without any material disadvantage to any of the parties.

Title 9 of the United States Code empowers the Court to vacate an arbitration Award only in certain specified circumstances, 9 U.S.C. § 10. It may do so "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown * * * or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(c).

On the record before the Court it is found that in ignoring the communications of the respondent and the agreeableness of the petitioner to the week of August 17 for the arbitration and insisting on proceeding for the sole convenience of themselves, the arbitrators were guilty of behavior which unfairly and unnecessarily prejudiced the rights of the respondent. Aware of the fact that delays in arranging the arbitration, including petitioner's failure to agree on the arbitrators, brought the hearing date into the summer months, the association should have inquired into its arbitrators' summer plans. On learning that the named arbitrators would be unavailable for a particular week that was agreeable to the parties to the arbitration, the association should have sought and perhaps even required some accommodation which would not result in prejudice to one of the parties.

Accordingly, the arbitration Award which petitioner seeks to confirm is vacated and its motion is denied and the matter is remanded to the American Arbitration Association.

In order to facilitate the progress of the arbitration it should be scheduled to proceed, after due consideration has been given to the convenience of all concerned, on a date certain peremptorily.

So ordered.