### C.A. TINAWAY, Plaintiff,

v.

### MERRILL LYNCH & CO., INC., et al., Defendants.

### No. 83 Civ. 8298 (SWK).

United States District Court, S.D. New York.

April 7, 1987.

C.A. Tinaway, pro se.

Mandel, Wiener & Block, New York City by Philip M. Mandel, for defendants.

### MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action is brought under Sections 9 and 10(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §§ 78i, 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5. Plaintiff C.A. Tinaway ("Tinaway"), a seventy-eight year old retired attorney proceeding *pro se*, alleges misrepresentation and excessive trading on his stock brokerage account. Defendants Merrill Lynch & Co., Inc. ("Merrill Lynch") and certain of its employees allegedly invested

Tinaway's monies in a certain stock which had publicly disclosed to the Securities and Exchange Commission (the "SEC") two months before the investment that a strike had suspended all of the company's production for the preceeding seven months. This investment allegedly resulted in the loss of Tinaway's entire stock portfolio and other savings.

After filing this action, Tinaway consented in writing to arbitration of his grievance by the National Association of Securities Dealers (the "NASD") "for Reconstitution of claimant's $25,000 face-valued bonds portfolio, plus $8,040 for $2,680 coupons missed in 1981, 82, 83, plus interests, costs and legal fee estimated by Arbitrators." However, Tinaway specifically "reserve[d his] right to the moral, emotional and eventually punitive damages as specified in" his complaint in this action. The NASD Arbitrators conducted a hearing pursuant to the NASD rules at which testimony was taken, exhibits were introduced, and oral argument was heard on behalf of all parties. The NASD Arbitrators rendered an award providing in full that:

> The undersigned, being the arbitrators selected to hear and determine a matter in controversy between the above mentioned Claimant and Respondents as set forth in a submission to arbitration signed by the Parties on August 27, 1984, February 15, 1985, January 15, 1985 and June 28, 1985, respectively;
>
> And, that having heard and considered the proofs of the parties, have decided and determined that in full and final settlement of the above-captioned matter, that Respondent Merrill Lynch, Pierce, Fenner & Smith shall be liable for and shall pay to the Claimant the sum of One Thousand Dollars and No Cents ($1,000.00);
>
> And, that Respondent Robert Brinckerhoff shall be liable for and shall pay to the Claimant the sum of One Thousand Dollars and No Cents ($1,000.00);
>
> And, that the claim of the Claimant against Respondent Lou Pagano is dismissed in all respects;
>
> And, that each party shall bear its own costs and expenses including attorney's fees;
>
> And, that the $350.00 filing fee previously deposited by the claimant with the NASD shall be refunded.

At the conclusion of the NASD Arbitration, defendants tendered a check in the amount of $2000.00 to Tinaway, who rejected it and returned it to defendants. This Court then reinstated this action to its active docket and ordered the parties to file cross-motions to confirm and vacate the NASD Arbitrators' award. Tinaway moved to vacate the award on the ground that the NASD Arbitrators exceeded their powers, or, alternatively, if the award were confirmed, to proceed to trial on the issues in this action which Tinaway had expressly reserved from arbitration. Merrill Lynch cross-moved to confirm the award and to dismiss this action as a result.

## DISCUSSION

The NASD arbitration proceedings were conducted in accordance with the contracts between the parties and the rules of the NASD and are subject to confirmation in accordance with the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* The Federal Arbitration Act provides in part that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

An award may be vacated under certain limited circumstances:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. § 10.

In addition, the United States Supreme Court has recognized the non-statutory ground of manifest disregard of the law as an additional basis for vacating arbitration awards. *See Wilko v. Swan,* 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168 (1953). This ground of *vacatur,* however, has only limited application in this Circuit.

> Precisely what the manifest disregard test requires is not yet clear. However, it does require something beyond and different from a mere error in law or failure on the part of the arbitrators to understand or apply the law.... Manifest disregard of the law may be found, however, if the arbitrator "understood and correctly stated the law but proceeded to ignore it".

*Siegal v. Titan Industries Corp.,* 779 F.2d 891, 892 (2d Cir.1985) (citations omitted).

An arbitration award also may be modified or corrected under certain circumstances:

> In either of the following cases the United States Court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

This Court's jurisdiction under Sections 9 and 10 of the Federal Arbitration Act is severely limited, since, if it were otherwise, the ostensible purpose for resort to arbitration, which is the avoidance of litigation, would be frustrated. *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.,* 274 F.2d 805, 808 (2d Cir.), *cert. denied,* 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). The Court's role is restricted to ascertaining whether there exists one of the specific grounds for vacating the award, and, if none exists, Section 9 requires that, on application of any party to the arbitration proceeding, the Court confirm the award. *Steamship Co. v. Multifacs International Traders, Inc.,* 375 F.2d 577, 582 (2d Cir.1967).

There is no allegation or evidence that the arbitration award should be vacated because it was procured by corruption, fraud or undue means, or because the arbitrators were guilty of other misconduct by which the rights of any party might have been prejudiced or because of manifest disregard of the law. Nor is there allegation or evidence of any of the statutory grounds for modification or correction of the award.

Tinaway contends that, by ignoring written testimony of Tinaway's claimed damages of $35,720 and substituting their unexplained $2,000 award, the NASD Arbitrators exceeded their powers such that a mutual, final and definitive award was not

made under 9 U.S.C. § 10(d). Merrill Lynch, on the other hand, urges that there is no basis for Tinaway's contention and that the award should be confirmed as a result.

The Court is mindful that the NASD Arbitrators determination provided no basis whatsoever for finding Merrill Lynch and its employee liable but reducing the amount of the award from the documented loss of $35,720 to $2,000, a mere five percent of the documented loss. However, the arbitrators were under no obligation to give reasons for their decision, *Kurt Orban Co. v. Angeles Metal Systems*, 573 F.2d 739, 740 (2d Cir.1978), and the courts are instructed that where "a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed," *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211 (2d Cir.1972). Furthermore, here a "mutual, final and definite award upon the subject matter submitted" appears to have been made, and this argument therefore is not available to Tinaway.

The Court, however, is unable to infer a ground for the arbitrators' decision from the facts of this case. Merrill Lynch admits that it knew of the tenuous position of Tinaway's investment and did not disclose the circumstances to Tinaway when it invested his monies in that stock. Under these circumstances, reduction of the amount of the award by ninety-five percent can only represent "evident partiality" on the part of the arbitrators towards Merrill Lynch. As such, the award may be vacated by the Court in accordance with 9 U.S.C. § 10(b). Accordingly, the Court vacates the NASD Arbitrators' award.

Where an award is vacated, the Court may, in its discretion, direct a rehearing by the arbitrators. 9 U.S.C. § 10(e). The Court declines to do that here. Tinaway reserved certain issues as to damages from the arbitration process. Arbitration is a matter of contract, and a party to the arbitration cannot be required to submit to arbitration any dispute which he has not so agreed to submit. *Atkinson v. Sinclair Refining Company*, 370 U.S. 238, 241–42,

82 S.Ct. 1318, 1320–21, 8 L.Ed.2d 462 (1962). As a result, were the Court to order a rehearing of Tinaway's claims by the arbitrators, the Court would still be obliged to hear the issues reserved by Tinaway upon Tinaway's application at the conclusion of the new arbitration process.

Accordingly, in order to facilitate this process, the Court will retain the action in its entirety. The parties are directed to conclude discovery expeditiously. The Court reminds Mr. Tinaway that he may apply to the Court for the appointment of counsel if he so chooses.

SO ORDERED.