**Bharat D. AGARWAL and Pramila Agarwal, Plaintiffs,**

v.

**Ashok K. AGRAWAL and Mira K. Agrawal, Defendants.**

**No. CV 91–1677.**

United States District Court, E.D. New York.

Oct. 15, 1991.

Shereff, Friedman, Hoffman & Goodman by Joseph F. Donley, New York City, for plaintiffs.

James E. Durso, Shoreham, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, plaintiffs Bharat D. Agarwal ("Bharat") and Pramila Agarwal ("Pramila"), who assert claims against defendants Ashok K. Agrawal ("Ashok") and Mira Agrawal ("Mira"), seek to enforce an arbitration award entered pursuant to an agreement between the parties. Currently before the Court are plaintiffs' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, as well as defendants' cross-motion pursuant to 9 U.S.C. § 10 seeking to vacate the award of the arbitrator. After a brief statement of the background facts, the Court will turn to address the motions.

## BACKGROUND

Plaintiffs are residents of the state of West Virginia and originally brought an action in an attempt to compel a prior arbitration agreement made with defendants Ashok and Mira, both residents of New

York. This controversy stems from the alleged misconduct of defendants, purportedly in violation of the terms of two separate shareholder agreements, the first signed by the parties in 1986, and the second four years later in 1990. Pursuant to these agreements the parties formed a joint real estate venture, each owning 50% of the shares in the Ashley Development Corporation ("ADC"), for the purpose of building a real estate development in Wading River, New York. The parties also signed an employment agreement which provided for, *inter alia,* compensation for services performed by Ashok, as acting president of the corporation. Briefly stated, plaintiffs sought arbitration to resolve disputes between the parties regarding alleged overcharges and other misconduct by defendants.[1]

Late in 1989, a dispute arose between the parties with regard to the amount of charges made to ADC by Ashok, as well as an alleged disparity in the capital contributions made to ADC as between Bharat and Ashok. Thereafter, Bharat made a request for an arbitration proceeding pursuant to the terms of the 1986 and 1990 shareholder agreements; a hearing was set for October 31, 1990, and November 1, 1990. Defendants then requested, and obtained, an adjournment to January 15 and 16, 1991. After the resignation of defendants' attorney soon thereafter, another request for an adjournment was made by defendants, although defendants had, at an earlier date, represented that they would not seek "any further adjournment." *See* Donley Aff. at exhibit E. The requested adjournment was subsequently denied. After the first two dates of hearings on the 15th and 16th of January, a third day of hearings was scheduled for February 1, 1991, which allowed defendants time to prepare further testimony. Thereafter, the parties submitted post-hearing and reply briefs. On April 22, 1991, the arbitrator entered an award which directed that defendants pay plaintiffs $620,000, with interest, effective May 23, 1991. As noted above, plaintiffs currently seek judgment based on that award; defendants seek to vacate the arbitration award.

## DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court reiterated this standard in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), when it stated that "[t]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. Moreover, all reasonable inferences must be construed in the non-moving party's favor. *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987).

Pursuant to section 10(a) of the Federal Arbitration Act, ("the Act"), 9 U.S.C. § 10(a), a district court may vacate an arbitration award when the arbitrator is guilty of misconduct "in refusing to postpone the hearing, upon sufficient reason shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Misconduct typically arises where there is proof of either bad faith or gross error on the part of the arbitrator. *See United Paperworkers Int'l v. Misco, Inc.,* 484 U.S. 29, 40, 108 S.Ct. 364, 372, 98 L.Ed.2d 286 (1987) (citations omitted). A court's jurisdiction under section 10 of the Act "is severely limited, since, if it were otherwise, the ostensible purpose for resort to arbitration, which is the avoidance of

---

**1.** By order dated January 7, 1991, this Court granted plaintiffs' motion to compel arbitration. *See Agarwal v. Agrawal,* Dock. Nos. 90–3993, 90–4005 (E.D.N.Y.1991). For a more detailed discussion of the factual background of the dispute between the parties, the reader is directed to that prior decision.

litigation, would be frustrated." *C.A. Tinaway v. Merrill Lynch & Co.,* 658 F.Supp. 576, 578 (S.D.N.Y.1987) (quoting *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.,* 274 F.2d 805, 808 (2d Cir.), *cert. denied,* 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960)). The Second Circuit has expressly stated that such limited review "reflects the narrow reading we have consistently accorded our authorization, under the Federal Arbitration Act, to vacate arbitration awards on the ground that the arbitrator has overstepped his power." *U.S. Steel and Carnegie Pension Fund v. Dickinson,* 753 F.2d 250, 252–53 (2d Cir.1985) (citing *Andros Compania Maritima, S.A. v. Marc Rich & Co.,* 579 F.2d 691, 703 (2d Cir.1978)).

In the absence of a clear violation or modification under sections 10 and 11 of the Act, section 9 requires that, "on application of any party to the arbitration proceedings, the Court [must] confirm the award." *Jardine Matheson & Co. v. Saita Shipping, Ltd.,* 712 F.Supp. 423, 426 (S.D.N.Y.1989) (citing *Steamship Co. v. Multifacs Int'l Traders, Inc.,* 375 F.2d 577, 582 (2d Cir.1967); *see also* 9 U.S.C. § 9. As noted above, defendants seek to vacate the arbitration award based on the grounds that: (1) the arbitrator committed misconduct by refusing to postpone the hearing; (2) the arbitrator exceeded his powers; and (3) the arbitration award is violative of public policy and in conflict with New York law. The Court will address defendants' arguments *seriatim.*

### Denial of Adjournment

Defendants' first contention in support of their argument that the arbitration award should be vacated is that the arbitrator improperly denied their request for an adjournment. To briefly repeat the pertinent facts, plaintiffs initially filed a demand for arbitration in July of 1990. The initial hearing dates of October 31 and November 1, 1990, were rescheduled at the request of defendants. Plaintiffs then suggested December 6th and 7th, 1990, with the proviso that defendants not seek any further adjournment. Defendants preferred to avoid hearings during December, and consequently in a letter dated October 19, 1990, they sought hearing dates "any time from January 2, 1991." *See* Aff. of Ashok Agrawal at exhibit C. By that letter defendants affirmatively represented that they would seek no further adjournment. *See id.*

The arbitrator then set the dates of January 15 and 16, 1991, for the hearings. It is to be noted that after those dates were arranged, defendants brought a proceeding in state court to stay the arbitration.[2] Thereafter, defendants' counsel withdrew from representing defendants in the arbitration, although he apparently maintained his representation of defendants in the action pending before this Court. It is worthy of mention that this Court finds such conduct to be questionable at best. At any rate, defendants thereafter sought another adjournment of the hearing. Having considered defendants' request and plaintiffs' opposition,[3] the arbitrator denied defendants' application for a further adjournment.

█ As noted above, the Act authorizes a court to vacate the arbitrator's award when the arbitrator is guilty of misconduct in refusing to "postpone the hearing upon sufficient cause shown,...." 9 U.S.C. § 10(a)(3). A court's review on this basis is limited to a determination of whether the refusal to postpone was the result of misconduct by the arbitrator. *Storey v. Searle Blatt Ltd.,* 685 F.Supp. 80, 82 (S.D.N.Y.1988); *Fairchild & Co. v. Richmond, et al.,* 516 F.Supp. 1305, 1313 (D.D.C.1981). In addition, it is to be noted that "[t]he granting or denying of an adjournment falls within the broad discretion of appointed arbitrators." *Storey,* 685

---

**2.** *See* note 1 *supra.*

**3.** Among the grounds relied upon by plaintiffs in opposing defendants' application were: (a) the fact that defendants had agreed not to seek further adjournments; (b) the prejudice to plaintiffs; (c) speculation that the withdrawal of defendants' counsel, under the circumstances, was a tactic; and (d) the fact that defendants' full knowledge of the background facts obviated the need for any further time extensions. *See* Aff. of Ashok Agrawal at exhibit G.

F.Supp. at 82 (citations omitted). In light of the considerable deference given to an arbitrator's decisions, together with the facts presented herein, it is clear that a reasonable basis existed for the arbitrator's decision to deny the request for an adjournment.

Defendants' reliance on *Tube & Steel Corp. of Am. v. Chicago Carbon Steel Prods.*, 319 F.Supp. 1302 (S.D.N.Y.1970), in which the court vacated an arbitration award on the basis of an arbitrator's refusal to grant an adjournment, is misplaced. Among the key differences between that case and the action at bar are: (1) the arbitrators in *Tube & Steel* unilaterally moved the agreed upon date to a time at which they *knew* respondents were unavailable; (2) petitioner agreed to the adjournment; and (3) the arbitrators conducted the hearing in the absence of respondents. *Id.* at 1303. In marked distinction to those circumstances, defendants herein had twice been granted adjournments, and the third date set for the arbitration was suggested by defendants. Simply stated, defendants fail to come close to demonstrating the degree of impropriety noted by the district court in *Tube & Steel. See id.*

Although defendants argue that a change in counsel immediately prior to the hearing mandated an adjournment, it is difficult to ascertain how, in light of the time and expense incurred in preparation for the hearing, a change in counsel adversely affected the final resolution. Moreover, the fact that defendants were given a third day of hearings, more than two weeks after the initial dates, which allowed for the collection of further testimony in support of their position, weighs very strongly against any finding of misconduct by the arbitrators.

In light of the facts presented, this Court finds that there is more than sufficient evidence to support the arbitrator's decision to refuse defendants' request for a further adjournment. *See e.g., Storey*, 685 F.Supp. at 82; *Fairchild*, 516 F.Supp. at 1313; *Dan River, Inc. v. Cal-Togs, Inc.*, 451 F.Supp. 497, 503–4 (S.D.N.Y.1978). Accordingly, defendants have failed to demon-strate that the arbitrator's denial of their request constituted misconduct. *See* 9 U.S.C. § 10(a)(3).

*Arbitrator's Authority*

■ Where the issue is whether the arbitrator properly exercised authority actually delegated to him, the Second Circuit has held that "if an arbitrator offers even a barely colorable justification for [the] decision, we will not vacate it on the basis of a claim [that] he exceeded his authority by misinterpreting the parties' contract." *U.S. Steel*, 753 F.2d at 253 (citing *Advance Publications, Inc. v. Newspaper Guild*, 616 F.2d 614, 617 (2d Cir.1980)). Such a holding reflects the rule that "arbitrators must have broad authority to interpret the contracts they apply." *Id.* Defendants contend that the arbitrator exceeded the scope of his authority by awarding plaintiffs a sum which was based in part on what defendants' allege to be capital contributions, which, it is argued, was inconsistent with the arbitration provision contained in the parties' 1990 agreement. More particularly, defendants argue that the award was actually based upon a provision contained in the parties' 1986 agreement, which was not permitted by the arbitration clause contained in the 1990 agreement. Thus, defendants maintain that "[i]t is a reasonable inference" that $200,000 of the $620,000 award was assessed as a result of "disparate capital contributions." *See* Defendants' Memo. at 15.

The Court first notes that nothing in the award itself indicates that the amount was based on the 1986 Shareholder Agreement. It is solely defendants' "inference" which is advanced as a basis for this argument. Moreover, defendants argued that same point at the arbitration, *see* Donley Aff. at exhibit H, and thus it is clear that the arbitrator was fully aware of defendants' position at the time of his award. To the extent that defendants challenge the arbitrator's interpretation of the agreements between the parties, this Court is without authority to vacate on that basis, absent a shred of evidence to support a finding of one of the grounds listed in 9 U.S.C. § 10. *See United Steelworkers of Am. v. Enter-*

*prise Wheel & Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960) (holding, in the context of a labor dispute, that "so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his"); *see also Advance Publications v. Newspaper Guild,* 616 F.2d 614, 618 (2d Cir.1980) (citation omitted).

In addition, even if this Court were interpreting the parties' agreements *de novo,* plaintiffs' argument that the arbitration clause in the 1986 agreement was not superseded by the 1990 agreement is persuasive. *See* Plaintiffs' Reply Memo. at 8. Accordingly, defendants' argument that the arbitrator exceeded his authority is without merit.

*Arbitrator's Award of a Penalty*

█ Defendants further allege that $210,000 of the $620,000 award was assessed as a penalty against defendants, and that such an assessment is contrary both to the terms of their contract and the laws of New York. The Court first notes that the 1990 Agreement between the parties *provided* for the imposition of liquidated damages in the event of overcharges by defendants. In addition, as was the case with defendants' other argument, the allegation that the arbitration award includes a penalty is based solely on defendants' speculation.

In any event, it is clear that the arbitrator was under no duty to "disclose the rationale for [his] award." *Fahnestock & Co., Inc. v. Waltman,* 935 F.2d 512, 516 (2d Cir.1991) (citations omitted). That said, defendants' assertions that punitive damages were included in the award, based on speculation, is insufficient. Moreover, the Second Circuit has recently indicated that where the parties *agree* to permit such an award, there would not be misconduct by the arbitrator for doing so. *See id.* (noting that " 'parties are generally free to structure their arbitration agreements as they see fit' ") (citations omitted). As noted above, the parties specifically provided for liquidated damages in their 1990 Agree-

ment. *See* Donley Aff. at exhibit C. Accordingly, defendants' argument that the arbitrator committed misconduct by the potential inclusion of punitive damages in the award is without merit.

█ Finally, plaintiffs seek to recover the costs of personally serving defendants, based on defendants' refusal to acknowledge the original service by mail. *See* Fed. R.Civ.P. 4(c)(2)(D). Defendants do not substantively oppose this application, and inasmuch as costs are provided for by Rule 4, *see id.; Perkin Elmer v. Trans Med. Airways, S.A.L.,* 107 F.R.D. 55, 60 (E.D.N.Y.1985), plaintiffs' motion is granted.

### CONCLUSION

For the reasons stated above, plaintiffs' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to enter judgment upon the arbitration award, *see* 9 U.S.C. § 9, is granted. For the same reasons, defendants' motion to vacate the arbitration award is denied. Finally, plaintiffs' motion for the costs of personal service is granted. *See* Fed. R.Civ.P. 4(c)(2)(D). Plaintiffs are directed to submit a judgment consistent with this decision within two weeks of the date of this Order.

SO ORDERED.