948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert LOPRIORE, Plaintiff-Appellee,
v.
THE STUART-JAMES COMPANY, INCORPORATED, Defendant-Appellant.
 No. 91-1083.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1991.
Decided Nov. 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-89-436-5-CIV-B)
 Argued: Donald T. Trinen, Hart & Trinen, Denver, Colo., for appellant; Leslie Bruce McDaniel, DeBank, McDaniel & Anderson, Raleigh, N.C., for appellee.
 On Brief: Christa D. Taylor, Hart & Trinen, Denver, Colo., for appellant.
 E.D.N.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The questions presented in this case are twofold: (1) Did the district court err in denying appellant's motion to vacate the arbitration award? (2) Should sanctions be imposed against appellant? We answer "no" to both questions and affirm.
 
 
 2
 * Appellant is Stuart-James Company, Inc. (Stuart-James), a brokerage firm. Appellee is Robert Lopriore, one of Stuart-James' clients. In June 1989, Lopriore filed a complaint in federal court alleging that he had been defrauded in connection with various securities transactions executed by Stuart-James. Stuart-James moved successfully to compel arbitration before the National Association of Securities Dealers, Inc. (NASD) in accordance with the brokerage agreement between the parties.
 
 
 3
 The NASD scheduled an arbitration hearing for July 26, 1990. It sent notice of the hearing in March 1990 to Stuart-James' general counsel, Marc Geman, but not to Stuart-James' outside counsel, Hart & Trinen. Hart & Trinen did not learn of the hearing date until July 2, 1990, when it received a confirmation notice of the hearing. At that time, Stuart-James sought to postpone the hearing on the ground that Geman, a principal witness, would be unavailable due to a week-long family reunion. The NASD declined to postpone the hearing. StuartJames filed a second motion to delay the hearing. That too was denied. Stuart-James then advised the arbitrators that no one would appear on its behalf at the hearing.
 
 
 4
 The hearing proceeded nonetheless. Lopriore presented evidence in support of his claim, after which the arbitrators continued the hearing until December 10, 1990. In December Stuart-James had an opportunity to present its case, and its counsel cross-examined Lopriore. The arbitration panel ruled for Lopriore, and awarded him compensatory damages in the amount of $273,000, pre-judgment interest, and punitive damages in the amount of $50,000.
 
 
 5
 Stuart-James filed a motion in federal court to vacate the arbitration award. It claimed that the failure to postpone the hearing constituted misconduct under 9 U.S.C. § 10(c). The district court rejected StuartJames' claim and granted Lopriore's motion for summary judgment.
 
 II
 
 6
 The relevant provision, 9 U.S.C. § 10(c), states that a district court may vacate an arbitration award
 
 
 7
 [w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 
 
 8
 Our scope of review of the district court's decision is narrow. Reversal is appropriate, Stuart-James concedes, only if the district court's decision "was clearly erroneous."
 
 
 9
 Stuart-James' chief argument is that the March notice sent to its general counsel, Geman, was ineffective. It claims that the notice should have been sent to its outside counsel, Hart & Trinen, who had already made an appearance in the case. This would have been in accord with standard NASD procedures. Had Hart & Trinen received the March notice, the argument goes, the firm promptly would have moved to postpone the July 26 hearing date, and the arbitration panel, the firm assures us, would have granted the motion. Even if we assume that the NASD should have sent the notice to Hart & Trinen in the first instance, Stuart-James fails to show that it was prejudiced by this act. Two factors make the point.
 
 
 10
 First, whatever may be said about the March notice, Stuart-James does not deny that its outside counsel received notice of the hearing on July 2, twenty-four days before the hearing. This notice gave Stuart-James sufficient time to move for a postponement and to prepare for the July 26 hearing. In fact, the "Arbitration Procedures" handbook, the same handbook upon which Stuart-James relies to show that notice should have been sent to its outside counsel, requires only that notice of the hearing date be given "at least eight (8) business days beforehand."
 
 
 11
 Second, and perhaps most importantly, the arbitrators continued the July 26 hearing until December 10. The continuance allowed StuartJames an opportunity to present its case and to cross-examine Lopriore. Any prejudice resulting from the arbitrators' decision to deny Stuart-James' postponement motions was substantially, if not completely, mitigated by this act. It is true that during the December hearing Stuart-James did not cross-examine all of the witnesses who had testified on Lopriore's behalf in July. Yet neither the arbitrators nor Lopriore, it appears, bears responsibility for this development. StuartJames offers no explanation why it did not subpoena these witnesses for the December hearing.
 
 
 12
 The cases upon which Stuart-James relies do not support its position. Stuart-James relies primarily on Tube & Steel Corp. of America v. Chicago Carbon Steel Prods., 319 F.Supp. 1302 (S.D.N.Y.1970). The respondent in Tube & Steel advised the arbitrators that he could attend an August 17 hearing date but could not appear earlier than that date. Petitioner then agreed to an August 17 date. Ignoring the respondent's request and the petitioner's assent to it, the arbitrators set an August 10 date. The district court vacated the arbitration award, finding that the August 10 date was arbitrarily set to accommodate the arbitrator's schedule. Tube & Steel is distinguishable on several grounds, the principal among them being these: Stuart-James and Lopriore did not consent to an arbitration date different from the one set by the arbitrators; nor did Stuart-James communicate its inability to attend a late July hearing before the arbitrators set a date. Tube & Steel, like the other cases cited by Stuart-James, is not contrary to the district court's decision.
 
 
 13
 In sum, Stuart-James has failed to show that the district court's decision not to vacate the arbitration award was clearly erroneous.
 
 III
 
 14
 The question remains whether Lopriore is entitled to sanctions. The question is close because Stuart-James has offered little basis in law or fact for bringing its motion to vacate the arbitration award and for appealing from the adverse district court decision. We decline, however, to issue sanctions in this instance. The Tube & Steel case gave Stuart-James an arguable, though a weak, legal basis for its challenge to the arbitration award.
 
 
 15
 Accordingly, the judgment of the district court is affirmed. Sanctions are denied.
 
 
 16
 AFFIRMED.