■ PAUL SIMON et al., Respondents, v. EDWARD B. MARKS MUSIC CORPORATION, Appellant.— Order, Supreme Court, New York County, entered January 4, 1973, granting plaintiffs' motion for an injunction *pendente lite* is unanimously modified, on the law and the facts, to strike subparagraph (c) of the first ordering provision, and, as so modified, the order is affirmed. Plaintiffs-respondents shall recover of defendant-appellant one bill of $40 costs and disbursements of this appeal. Appellant may apply for an early trial if it so desires. We agree that a clear right to the injunction was shown with respect to the phonograph records. However, questions of fact are raised concerning the songfolio entitled " The Early Songs of Paul Simon ", and since plaintiff Simon has conceded authorship of the songs contained therein and has exploited such songs in his own behalf, there was a failure to establish that he would be irreparably injured by the continued distribution and sale by defendant of the songfolio. Concur — Stevens, P. J., Markewich, Lane, Steuer and Tilzer, JJ.

■ In the Matter of the Arbitration between JACK JASPER, as Chairman of Furriers Joint Council of New York, AFL-CIO, Appellant, and ROYAL MINK CORP., Respondent.— Judgment, Supreme Court, New York County, entered on November 29, 1972, denying petitioner's motion for an order confirming an arbitration award, with leave to renew upon a more " probative demonstration " that the award was properly rendered, unanimously reversed, on the law, the motion granted and the arbitration award confirmed. Appellant shall recover of respondent $40 costs and disbursements of this appeal. The essential burden of respondent's opposition to confirmation is that the arbitration did not follow certain contractual procedures. Since such claim is not a statutory ground for vacating or modifying the award (CPLR 7511), the same should be confirmed (CPLR 7510; *Matter of Granite Worsted Mills* [*Cowen*], 25 N Y 2d 451). Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Capozzoli, JJ.

■ RKO-STANLEY WARNER THEATRES, INC., Respondent, v. SIG SHORE, Appellant, and PLAZA PICTURES et al., Defendants.— Order, Supreme Court, New York County, entered on September 7, 1972, insofar as it grants summary judgment to plaintiff against appellant, Sig Shore, and the judgment entered thereon, on September 21, 1972, unanimously reversed, on the law, the motion for summary judgment against defendant, Sig Shore, denied; the judgment against defendant, Sig Shore, vacated, without costs and without disbursements. Plaintiff predicates its claim against appellant on the basis of an agreement dated August 11, 1971, which plaintiff asserts Shore signed as a principal. However, Shore, in opposition to the motion for summary judgment, avers that he was not individually a party to the contract and that his signature thereto was solely in a representative capacity for defendants Plaza Pictures and Plaza International Corp. The document itself is inconclusive. The record presents a triable issue as to the capacity in which Shore was acting in signing the contract. That issue cannot be disposed of in summary fashion. The motion for summary judgment as against appellant Shore should, therefore, have been denied. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Capozzoli, JJ.