■ In the Matter of BARBARA JOHNSON, Appellant, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.— Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 14, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

The Civil Service Employees Association (hereinafter CSEA), on behalf of petitioner and other employees, had negotiated with the State and agreed on arbitration to dispose of disciplinary grievances. Petitioner initiated this CPLR article 78 proceeding to challenge an arbitration award finding her guilty of incompetence and insubordination and ordering her dismissal. Respondent moved to dismiss on the ground that an arbitrator's award is not subject to review in an article 78 proceeding and, in any event, the petition fails to state a cause of action since it fails to set forth grounds to vacate under CPLR 7511. Supreme Court held that article 78 review is not available to overturn an arbitrator's award and that

judicial review is available only pursuant to CPLR 7511. Having so concluded, but without converting the proceeding into an application to vacate an arbitration award pursuant to CPLR 7511, the court then found that petitioner failed to make out any grounds authorized in statute to set aside the award and confirmed the arbitrator's award.

Conceding that her petition fails to assert a basis to vacate the award pursuant to CPLR 7511, petitioner contends that the limited scope of review of an arbitration award under CPLR article 75 deprives petitioner of due process of law. Petitioner contends that the arbitration proceeding was compulsory in nature since she did not personally agree to it and thus calls for a more expansive scope of review (see, Mount St. Mary's Hosp. v Catherwood, 26 NY2d 493; see also, Caso v Coffey, 41 NY2d 153). This argument was rejected in Antinore v State of New York (49 AD2d 6, affd 40 NY2d 921). We concur with the logic expressed in Antinore, wherein it was held that collective agreements between the State and CSEA are consensual in nature and reviewable as provided in CPLR article 75 (supra). Both Mount St. Mary's Hosp. v Catherwood (supra) and Caso v Coffey (supra) involve arbitration involving an impasse in contract negotiations, made compulsory by statute, as opposed to the voluntary consent to arbitration entered into herein by CSEA on petitioner's behalf and that of other employees. These authorities are inapposite.

Judgment modified, on the law, without costs, by converting the petition into an application pursuant to CPLR 7511, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.