■ 400 WEST 58TH STREET PROPERTIES CORP., Appellant-Respondent, v 400 WEST 58TH STREET OWNERS' CORP., Respondent-Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 9, 1988, which, *inter alia,* denied plaintiff's motion for summary judgment on its first and second causes of action, and denied defendant's cross motion seeking leave to serve an amended answer, unanimously modified, on the law, to grant plaintiff's motion for summary judgment to the extent that it is adjudged and declared that the occupancy of the subject basement space does not constitute a violation of the lease agreement dated December 1, 1981 (the main lease), and that the January 8, 1988 notices to quit are null and void; and the order is further modified to permanently enjoin defendant from taking any action to terminate the main lease pursuant to said notices to quit, and otherwise affirmed, without costs.

These cross appeals arise from an action brought by plaintiff

tenant, 400 West 58th Street Properties Corp. (tenant), to obtain injunctive and declaratory relief in connection with notices to quit issued by defendant landlord, 400 West 58th Street Owners' Corp. (landlord). The subject of these proceedings is commercial space consisting of two stores and their respective basement areas. The main lease, entered into by tenant and landlord's predecessor in interest, Alban Realty Company, Inc. (Alban), provides for a 30-year term with options to tenant to renew for a total of 60 additional years. As permitted under the lease, tenant sublets the stores to two commercial establishments, the Flame Restaurant and the Quik Shop (collectively subtenants), both of which previously leased directly from Alban and, pursuant to the specific terms of their leases, have occupied the store spaces as well as the related basement areas for approximately 14 years and 9 years, respectively.

The basis for landlord's notices to quit, served upon tenants and subtenants on January 8, 1988, is the alleged unlawful occupancy of the basement space by the subtenants. As correctly determined by the IAS court, there exist material issues of fact with respect to whether the main lease was intended to encompass the basement areas in addition to the store spaces. In light of the factual controversy, which cannot be resolved by simple reference to the lease agreement, plaintiff's motion for summary judgment on this critical issue was properly denied. *(RKO-Stanley Warner Theatres v Shore,* 41 AD2d 730, *appeal dismissed* 33 NY2d 823.)

However, assuming, arguendo, that the landlord is correct in its claim that the main lease does not include any basement space, it necessarily follows that the illegal occupancy thereof cannot constitute a violation of the terms of the main lease.

Accordingly, plaintiff is entitled to relief to the extent that it is adjudged and declared that the occupancy of the subject basement space may not serve as a ground for the termination of the main lease, and that the notices to quit based upon said occupancy are null and void.

We have reviewed the remaining arguments on appeal and cross appeal, and find them to be without merit. Concur— Murphy, P. J., Milonas, Kassal, Wallach and Rubin, JJ.