■ In the Matter of INSURANCE COMPANY OF NORTH AMERICA, Respondent, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant. [626 NYS2d 232] —In a proceeding pursuant to CPLR article 75 to vacate two arbitration awards dated Febru-

ary 4, 1993, the St. Paul Fire & Marine Insurance Company appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered October 15, 1993, which granted the petition of the Insurance Company of North America to vacate the awards.

Ordered that the order is affirmed, with costs.

The arbitration hearing in this case involved claims under certain fire insurance policies. The Insurance Company of North America (hereinafter INA) requested a postponement of the hearing on the ground that there was a possibility that the fire at issue was caused by arson and that the investigating officer from the Nassau County Fire Marshal's office was unavailable to testify at the hearing because of a pending criminal investigation. The arbitrator denied INA's request because it had failed to request that the hearing be deferred at least two days before the hearing as provided by Rule 6 of the Fire and Allied Lines Arbitration Rules and Regulations (hereinafter the regulations).

We agree with the Supreme Court that, under the circumstances of this case, the arbitrator's failure to postpone the hearing constituted misconduct requiring vacatur of the arbitration awards. The failure of an arbitrator to grant an adjournment is an abuse of discretion constituting misconduct within the meaning of CPLR 7511 (b) (1) (i) if it results in the foreclosure of the presentation of pertinent and material evidence (see, Matter of Bevona [Superior Maintenance Co.], 204 AD2d 136; Matter of Omega Contr. v Maropakis Contr., 160 AD2d 942).

Rule 6 of the regulations was not applicable in this instance because the language of the rule makes it clear that it applies only when a separate civil action is pending and not when, as here, a criminal investigation is being actively conducted. Since INA clearly established good cause for its request for a postponement under Rule 4 of the regulations, it was an abuse of discretion to deny the request. Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.