NAING INTERNATIONAL
ENTERPRISES, LTD.,
Claimant,

v.

ELLSWORTH ASSOCIATES, INC., and
Trinh Ellsworth, Respondents.

Civil Action No. 96–01380(SS).

United States District Court,
District of Columbia.

April 3, 1997.

James H. Hulme, Arent, Fox, Kintner,
Plotkin & Kahn, Washington, DC, for Claim-
ant.

Daniel M. Press, Chung & Press, P.C.,
McLean, Virginia, and Arthur D. McKey,
Hanson & Malloy, Washington, DC, for Re-
spondents.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on the
motion of the claimant, Naing International
Enterprises, Inc. ("NIE"), for an order con-
firming the June 5, 1996 arbitration award to
NIE, and entering judgment on the award,
and Respondents Ellsworth Associates, Inc.
("EAI") and Trinh L. Ellsworth's ("Mrs.Ells-

worth's") Application to Vacate the aforementioned arbitration award. This dispute arises from the alleged breach of a merger agreement between NIE and EAI. Each side asserts that the other did not comply with the terms of the merger agreement. As a result, the companies did not merge, and the dispute was placed before a panel of arbitrators who ruled in favor of NIE. Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, and for the reasons set forth below, the Court shall deny NIE's motion to confirm the arbitration award, and shall grant the respondents' application to vacate the arbitration award. The case shall be remanded to the American Arbitration Association so that the arbitration panel can consider the Small Business Administration's investigation into NIE's eligibility for the Section 8(a) Program and NIE's voluntary withdrawal therefrom.

## BACKGROUND

By Merger Agreement dated December 1, 1994, NIE, EAI, and Mrs. Ellsworth entered into a written contract providing for the merger of NIE and EAI. In Article 3.4 of the Merger Agreement, NIE represented and warranted that: (a) it was certified by the Small Business Administration ("the SBA") as a small disadvantaged business eligible for participation in the SBA's Section 8(a) Program (15 U.S.C. § 637(a)), which provides for preferences in government contracting for disadvantaged minority-owned firms; (b) it had filed all required reports, business plans and other information required by the SBA in connection with participation in the Section 8(a) Program; (c) all information it had submitted to the SBA was accurate, complete and current; and (d) it had fully complied with all program requirements and had not taken any actions or failed to act in such a way as would warrant or justify termination or suspension from the program.

A dispute arose between the parties concerning NIE's compliance with Article 3.4 of the Merger Agreement and EAI and Mrs. Ellsworth's failure to go to closing on the transaction. The dispute was submitted to arbitration pursuant to the Merger Agreement under the auspices of the American Arbitration Association ("AAA"), No. 16–199–00408–95. Messrs. Richard J. Leighton, Warren G. Wickersham, and Ross G. Macaulay were appointed neutral arbitrators by the AAA. Arbitration hearings were conducted from April 15 through April 19, 1996. On June 5, 1996, the arbitrators issued an unanimous award, ordering that EAI and Mrs. Ellsworth, individually and jointly, pay to NIE: (a) $2,474,878.00 plus interest at the rate of nine percent per year from September 30, 1995 to the date of payment of the award; (b) $6,230.44 for NIE's share of AAA administrative fees and expenses previously advanced by NIE to the AAA; and (c) $9,984.44 for NIE's share of the arbitrator's compensation previously advanced by NIE to the AAA. On June 16, 1996, the claimant filed the instant Motion to Confirm the Arbitration Award, and on June 19, 1996, the respondents filed their Application to Vacate the Arbitration Award also now before the Court. On June 21, 1996, NIE's counsel sent the SBA for review a letter whereby NIE would voluntarily withdraw from the Section 8(a) Program. NIE withdrew from the program on July 19, 1996.

## DISCUSSION

### I. The Arbitrary Denial of a Reasonable Request for a Postponement May Serve as Grounds for Vacating an Arbitration Award.

Section 10(a)(3) of the Federal Arbitration Act, 9 U.S.C. § 10(a)(3), provides that a United States court in and for the district wherein an arbitration award was made may issue an order vacating the award where

the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy....

See District of Columbia Uniform Arbitration Act, D.C.Code § 16–4311(a)(4) ("the Court shall vacate an award where ... [t]he arbitrators refused to postpone the hearing upon sufficient cause being shown therefor"); Virginia Uniform Arbitration Act, Va.Code § 8.01–581.010(4) (same). The respondents

in this case assert that the arbitrators were guilty of such misconduct when they refused to grant the respondents a continuance in order to allow the SBA to complete its investigation into NIE's eligibility for the Section 8(a) Program.[1] The Court agrees.

 The arbitrary denial of a reasonable request for a postponement may serve as grounds for vacating an arbitration award. *Fairchild & Co., Inc. v. Richmond, Fredericksburg and Potomac Railroad Co.,* 516 F.Supp. 1305, 1313 (D.D.C.1981) (citing *Tube & Steel Corp. of America v. Chicago Carbon Steel Products,* 319 F.Supp. 1302 (S.D.N.Y. 1970)). However, arbitrators are to be accorded a degree of discretion in exercising their judgment with respect to a requested postponement. Thus, if there exists a reasonable basis for the arbitrators' decision not to grant a continuance, the Court will be reluctant to interfere with the award on these grounds. *Id.* Nonetheless, if the failure of an arbitrator to grant a postponement or adjournment results in the foreclosure of the presentation of "pertinent and material evidence," it is an abuse of discretion. *Insurance Co. of North America v. St. Paul Fire & Marine Insurance Co.,* 215 A.D.2d 386, 626 N.Y.S.2d 232, 233 (N.Y.App.Div. 1995) (citing *Matter of Bevona,* 204 A.D.2d 136, 611 N.Y.S.2d 193, 195 (N.Y.App.Div. 1994)).

## II. The Arbitration Award in this Case Must Be Vacated Because the Arbitrators Erred When They Refused to Postpone the Arbitration Hearing.

 Upon careful consideration of the record in this case, the Court concludes that the arbitration award must be vacated because the arbitrators erred when they refused to grant the respondents a continuance so that the SBA could complete its investigation into the claimant's eligibility for the Section 8(a) Program and the resulting SBA action or other disposition of the investigation could be placed in the record and considered by the panel.

### A. The Arbitration Panel Should Have Postponed the Hearing Until the SBA Investigation and Any Resulting Action Were Completed and Could Be Fully Considered by the Panel.

#### 1. *The Final Resolution of the SBA's Investigation of NIE Is Pertinent and Material to EAI and Mrs. Ellsworth's Claims and Defenses.*

EAI and Mrs. Ellsworth's principal claim during arbitration was that Naing breached his representations and warranties in the Merger Agreement that: (1) he was certified by the SBA as a small disadvantaged business eligible for participation in the SBA's Section 8(a) Program; (2) all the information submitted to the SBA in connection with his application and participation in the Section 8(a) Program was accurate, complete and current at the time it was submitted; and (3) he had fully complied with all program requirements and had not taken any action or failed to act in such a way as would warrant or justify termination or suspension from the Section 8(a) Program. The respondents further claim that NIE's breach relieved them of any obligations to go to closing on the merger.

There is little doubt that a final action by the SBA as a result of its investigation into NIE's eligibility would have been pertinent and material to EAI and Mrs. Ellsworth's claims and defenses during arbitration. The SBA, as the agency responsible for the 8(a) Program, is responsible for determining eligibility for participation in the program and to investigate matters related to participation therein. Its determination as to NIE's eligibility and the accuracy of the information NIE submitted to it would have been compelling evidence as to the respondents' principal claims and defenses.

The arbitration panel, in fact, acknowledged the relevancy of any SBA investigation to the arbitration when it stated the following:

---

1. The respondents claim in their Motion that the arbitrators' failure to grant a continuance to allow them more time to review voluminous materials produced by NIE only a few days before the arbitration hearing and to depose several employees of the SBA also constituted misconduct. The Court, however, need not, and does not, address these issues.

The request for an opportunity to submit a reply brief is denied with the proviso that the parties may cite to the Arbitrators newly-discovered pertinent and significant authorities and provide documentation of any Small Business Administration action that is related *expressly* to the 8(a) status of the Claimant herein.

(Order of Panel, dated May 22, 1996) (emphasis in original)

NIE argues that a final determination by the SBA would have been immaterial to the contract dispute because the parties had agreed that the merger would go forward regardless of whether the SBA waived its requirement that none of EAI's rights in existing 8(a) contracts be assigned to the newly merged entity. Thus, because the NIE was not necessarily assuming EAI's existing 8(a) contracts, and, ultimately was prohibited by the SBA from assuming those contracts, it was unimportant for purposes of the merger whether NIE was certified in the Section 8(a) Program.

This Court disagrees. NIE's certification in the Section 8(a) Program had value to EAI and Mrs. Ellsworth far beyond its role in maintaining the specific contracts held by EAI at the time of the merger. EAI and Mrs. Ellsworth were counting on NIE's certification as a means of securing future preferential treatment. In short, the merger agreement is considerably more appealing to EAI if NIE is certified in the program than if NIE is not certified. Thus, NIE's promise pursuant to Paragraph 3.4 of the Agreement that it was certified to participate in the Section 8(a) Program and had not taken any actions or failed to act in such a way as would warrant or justify termination or suspension from the program made the transaction considerably more valuable to EAI and Mrs. Ellsworth than it would have been otherwise.

2. *The Arbitration Panel Knew of the Pending SBA Investigation But Refused to Continue the Arbitration Process For a Final Disposition of the Investigation.*

The arbitration panel knew at the time the parties were in arbitration that an investigation into NIE's Section 8(a) status was pending. On February 23, 1996, the SBA's Inspector General issued a report that stated:

We believe NIE should not have been admitted into the 8(a) program because Mr. Naing's past business success demonstrated his ability to accumulate substantial wealth and overcome impediments to obtaining access to financing, markets, and resources. Consequently, NIE should be terminated from the 8(a) program.

SBA Inspector General's Audit Report of Richard W. Naing, (dated February 23, 1996). The report concluded:

We recommend the Assistant Administrator for the Division of Program Certification and Eligibility (AA/DPCE) initiate action to terminate NIE from the 8(a) program.

(Id.). Importantly, the report set a deadline of May 10, 1996 for the SBA to act on the report.

After learning of the Inspector General's Audit Report, Ellsworth moved the arbitration panel for a postponement of the arbitration hearing to allow the SBA to act on the report. The first motion for a continuance was made in writing on April 11, 1996, and heard by the Chairman of the arbitration panel on that date. The Chairman denied the continuance. The motion for continuance was made again before the whole panel on April 15, 1996, the first day of the scheduled hearing, and was denied again. Both denials were made with the knowledge that the SBA was expected to take action on the Inspector General's findings by May 10, 1996.

At the hearing, the Panel explained that it was denying the motion to continue the hearing because May 10, 1996, the expected date of SBA action, would come before the Panel had issued its decision and, thus, any SBA action on or before that date could be considered by the panel. R496, ln. 1–6. However, because the arbitration panel is required to issue an opinion "no later than thirty days from the date of closing of the hearing," see Rule 41, AAA Commercial Arbitration Rules, it precluded itself from considering any SBA action after May, 1996. This Court concludes that the panel should not have placed

such limitations on its ability to consider SBA action resulting from the investigation into NIE, but should have postponed the hearing. While this Court is ever mindful of its duty to ensure that civil litigation is "resolved not only fairly, but also without undue cost or delay," Fed.R.Civ.P. 1, Adv. Comm. Notes, neither this Court nor the arbitration panel can allow the pursuit of an expedient adjudication to outweigh its obligation to ensure a just and fair one. Yet, by refusing to wait for a reasonable period upon SBA action on the NIE investigation, the panel did just that.

This Court finds *Matter of Insurance Co. of North America*, 215 A.D.2d 386, 626 N.Y.S.2d 232, directly on point. In that case, the Fire Marshal, the agency charged with investigating suspected arson, was involved in a criminal investigation regarding the incident at issue in the private arbitration. The appeals court held that it was error for the arbitrators to have denied a postponement of the arbitration to await the results of that investigation, and vacated the arbitration award on that ground. Similarly, the SBA in this case should have been allowed to conclude its investigation of NIE before the arbitrators conducted the hearing. Regardless of whether the results of the investigation would have exonerated or condemned NIE, the arbitrators' conclusions clearly were less informed without the SBA's conclusions in the record. So much so, that the arbitration award must be vacated.

3. *The Arbitration Panel's Never Considered Evidence That NIE Was Negotiating With the SBA For Its Voluntary Withdrawal From the Section 8(a) Program.*

Even though NIE argued during arbitration, and continues to argue, that its eligibility in the Section 8(a) Program is immaterial to the contract dispute herein, it was well aware during arbitration that EAI and Mrs. Ellsworth considered NIE's eligibility in the program and the SBA's investigation therein central to the dispute. In addition, NIE was aware that the arbitration panel left the record open for the parties to submit documentation of any SBA action related expressly to NIE's 8(a) status.

While the matter was in arbitration, NIE's counsel began discussions with the SBA, contemplating the possible voluntary withdrawal of NIE from the program. Even though NIE's 8(a) status was germane to the arbitration proceedings, counsel did not disclose to the arbitration panel nor the respondents that such discussions were taking place. Tr. of March 21, 1997 Hearing at 61. Indeed, NIE was taking the tack before the panel that there was still the possibility that NIE would be able to maintain its 8(a) status. Specifically, the panel was told by counsel that there were "no grounds to terminate" NIE from the Section 8(a) Program. *Id.* at 62.

Certainly, counsel should have disclosed to the panel that NIE was contemplating voluntary withdrawal from the Section 8(a) Program and was in active discussions with the SBA at that time. This is particularly so where at the very time the discussions are ongoing, counsel for NIE was asserting to the arbitration panel that there were no grounds for NIE's termination from the program. *Id.;* R2068, ln. 22—R2071, ln. 17. It should be noted that in fact NIE did voluntarily withdraw from the program on July 19, 1996.

The portrait of NIE offered to the panel was of a company being unjustly investigated by the SBA, and, as it had warranted in the Merger Agreement, had done nothing to justify termination from the Section 8(a) Program. The arbitration panel was not made aware that the very same company was engaged in active discussions with the SBA about a "quiet" departure from the program, which an impartial arbiter might conclude was to avoid the stigma of being involuntarily terminated from the program. On this record, the arbitration proceeding should be reopened so that the arbitration panel can consider these facts not previously disclosed to it.

**B. The Respondents Did Not Waive Their Request For Postponement When They Failed to Renew the Request after NIE Presented its Case in Chief.**

NIE claims that the respondents waived their request for a postponement

when they failed to renew the request at the appropriate time during the hearings as expressly allowed by the arbitrators. NIE's Verified Response to Application to Vacate Arbitration Award at 5. EAI's written motion with the arbitrators seeking a postponement was denied "without prejudice to its renewal at an appropriate time after Claimant has finished its case in chief." Denial of Motion to Postpone & Scheduling Order No. 3 at ¶ 1. On the opening day of the hearing, EAI and Mrs. Ellsworth moved again for a postponement, but they did not renew the motion for a postponement after NIE finished its case in chief. According to NIE, this failure to renew their motion forecloses the respondents from using the arbitrators' initial refusal to postpone as a basis to vacate the award.

The record shows, however, that at the arbitration hearing, the panel denied not only the respondents' motion to postpone the arbitration hearing, but their request to renew that motion after presentation of NIE's case in chief. R457, ln. 19–22—R458, ln. 1–18; R496, ln. 12–16. The following colloquy evinces the foregoing conclusion:

> COUNSEL FOR THE RESPONDENTS: With the Panel's permission we would ask that we could renew the motion after the presentation of the Claimant's case in chief, as I belief (sic) your order—
> THE PANEL: No. The order was to renew the motion or it was without prejudice to your renewal at an appropriate time during your case. What we are interested in seeing at the time was the information apart from that which is dependent upon primarily the SBA decision.

R496, ln. 12–16. The panel denied the respondents' request for permission to renew the motion after NIE's case in chief, the respondents *did not waive its rights* with respect to the motion.

## CONCLUSION

For the foregoing reasons, the Court shall grant the respondents' Application to Vacate the arbitration award *in this case* and deny the claimant's Motion to Confirm the Arbitration Award. The arbitration award shall be vacated and the case remanded to the American Arbitration Association so that the arbitration panel may consider during the arbitration process the final disposition of the SBA's investigation of NIE, the circumstances surrounding NIE's voluntary withdrawal from the Section 8(a) Program and all other relevant matters. The Court will issue an Order of even date consistent with the foregoing Memorandum Opinion.