■ In the Matter of GEORGE G. JANIS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [706 NYS2d 769] —Spain, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered June 30, 1998 in Saratoga County, which granted respondent's motion to dismiss petitioner's application, in a proceeding pursuant to CPLR article 75, for failure to state a cause of action.

Petitioner, an employee of respondent, made this application pursuant to CPLR article 75 to vacate an arbitrator's award which found petitioner guilty of misconduct arising out of his attempt to use his official position to influence a private mat-

ter. In lieu of an answer, respondent moved to dismiss the application for, *inter alia*, failure to state a cause of action. Supreme Court granted the motion, prompting this appeal by petitioner.

The arbitration proceeding at issue—conducted pursuant to the parties' governing collective bargaining agreement—was consensual in nature and, as such, subject to the limited scope of review established by CPLR 7511 (*see, Matter of Johnson v Jorling*, 150 AD2d 896, 897, *lv dismissed, lv denied* 75 NY2d 764). CPLR 7511 (b) provides the exclusive grounds for vacating an award (*see, Matter of Cox [Mitchell]*, 188 AD2d 915, 917). Petitioner alleges that, despite a clause in the relevant contractual provision of the collective bargaining agreement authorizing a party to provide for a transcript of the arbitration hearing at his or her expense, the arbitrator refused to permit a portion of the hearing to be transcribed at petitioner's expense. As a result, the first day of the arbitration hearing was transcribed while the remaining two days were not.

Neither the refusal to permit a transcript nor the failure to comply with a procedural provision of an arbitration agreement constitutes a ground for vacating an award under CPLR 7511 (*see, Matter of Reale [Healy N. Y. Corp.]*, 54 AD2d 1039, 1040; *Matter of Jasper [Royal Mink Corp.]*, 41 AD2d 730; *see also, Matter of Rockland Community Coll. Fedn. of Teachers v Board of Trustees of Rockland Community Coll.*, 142 AD2d 732, *appeal dismissed* 73 NY2d 974). While an arbitrator's procedural ruling may constitute misconduct within the meaning of CPLR 7511 (b) (1) (i) where, for example, it "results in the foreclosure of the presentation of material and pertinent evidence" (*Matter of Cox [Mitchell]*, *supra*, at 917), petitioner bore the burden of proving misconduct by clear and convincing evidence (*see, id.*). Despite petitioner's conclusory claim that the refusal to permit a complete transcript had the effect of foreclosing the presentation of material and pertinent evidence, petitioner failed to identify any evidence which he was actually foreclosed from presenting.

Rather, petitioner maintains that, as a result of the procedural ruling, the arbitrator "gave undue prominence" to the transcribed testimony of respondent's witnesses and effectively ignored petitioner's testimony which was not transcribed. The arbitrator's decision, however, reveals that he credited the testimony of respondent's witnesses—two police officers who were not employed by respondent—and rejected petitioner's contrary testimony solely on the basis of the arbitrator's assessment of each witness's credibility. In particular, the

arbitrator found that neither police officer had any motive to fabricate or exaggerate his testimony while petitioner clearly had such a motive. There is nothing in the record to demonstrate that the arbitrator gave undue weight to the transcribed testimony or failed to fully consider petitioner's proffered testimony. Thus, accepting petitioner's allegations as true, petitioner has failed to demonstrate a CPLR 7511 ground for vacating the arbitration award and Supreme Court correctly dismissed the application.

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.