■ In the Matter of GEICO GENERAL INSURANCE COMPANY, Respondent, v CLAIRE B. SHERMAN et al., Appellants. [763 NYS2d 649] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, in which Claire B. Sherman and Lowell B. Sherman cross-petitioned to vacate the award, the appeal is from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered June 12, 2001, which, upon an order of the same court dated April 30, 2001, granted the petition and denied the cross petition.

Ordered that the notice of appeal from the order dated April 30, 2001, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [b]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appellant Claire B. Sherman (hereinafter Sherman) allegedly sustained personal injuries in a two-vehicle collision with nonparty Akeem Abdullah. The collision occurred when Sherman made a left-hand turn at a traffic light, and her vehicle struck the driver's side of Abdullah's vehicle near the rear wheel. Thereafter, Sherman brought a personal injury action against Abdullah and was ultimately awarded a default judgment against him. Following that action, Sherman filed a claim for underinsured motorist benefits with her insurer, the petitioner, GEICO General Insurance Company (hereinafter GEICO). When GEICO denied her claim for such benefits, Sherman and her husband demanded arbitration of the claim. One day prior to the scheduled arbitration hearing, the appellants' counsel received a letter from GEICO indicating that Abdullah and his mother, Hope Williams, would be testifying at

the hearing. Over Sherman's objection, the arbitrator allowed Abdullah and Williams to testify. Following the arbitration hearing, the arbitrator denied Sherman's claim for underinsured motorist benefits, finding that her own negligence had caused the accident.

GEICO subsequently commenced the instant proceeding pursuant to CPLR article 75 to confirm the arbitrator's award. The appellants filed a cross petition to vacate the award on the ground that the arbitrator committed misconduct and exceeded his authority in considering the issue of fault and in allowing Abdullah and Williams to testify at the arbitration hearing. With respect to the latter issue, the appellants argued that GEICO had not given them timely notice, as required by the rules of the American Arbitration Association, that those witnesses would be testifying. The Supreme Court granted GEICO's petition and denied the appellants' cross petition. We affirm.

The Supreme Court properly confirmed the arbitration award in favor of GEICO and denied the appellants' cross petition to vacate the award. It is well settled that where "a party who has participated in arbitration seeks to vacate the award, vacatur may only be granted upon the grounds that 'the rights of that party were prejudiced by corruption, fraud or misconduct in procuring the award, partiality of an arbitrator, that the arbitrator exceeded his power or failed to make a final and definite award, or a procedural failure that was not waived'" (*Matter of Mohiuddin v Khan,* 197 AD2d 578 [1993], quoting *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307 [1984]; *see* CPLR 7511 [b] [1]). Contrary to the appellants' contention, the arbitrator neither committed misconduct (*see* CPLR 7511 [b] [1] [i]) nor exceeded his authority (*see* CPLR 7511 [b] [1] [iii]) when he considered the issue of liability in determining whether the appellants were entitled to underinsured motorist benefits under their policy with GEICO (*see Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913, 915 [1984]; *see also Roggio v Nationwide Mut. Ins. Co.,* 66 NY2d 260, 263 [1985]).

Similarly, the arbitrator did not exceed his authority or commit misconduct in allowing GEICO to call Abdullah and Williams as witnesses, despite GEICO's failure to provide the appellants with the notice required by the rules of the American Arbitration Association (*see Matter of Janis v New York State Div. of Hous. & Community Renewal,* 271 AD2d 878, 879 [2000] [the failure to comply with a procedural provision of an arbitration agreement does not constitute a ground for vacating an

award under CPLR 7511]). Although it may have been better if the arbitrator had not allowed Abdullah and Williams to testify at the hearing (*cf. Matter of Insurance Co. of N. Am. v St. Paul Fire & Mar. Ins. Co.,* 215 AD2d 386, 387 [1995] ["The failure of an arbitrator to grant an adjournment is an abuse of discretion constituting misconduct within the meaning of CPLR 7511 (b) (1) (i) if it results in the foreclosure of the presentation of pertinent and material evidence"]), the appellants failed to prove by clear and convincing evidence (*see Matter of Janis v New York State Div. of Hous. & Community Renewal, supra* at 879; *Matter of Thompson [S.L.T. Ready-Mix, Div. of Torrington Indus.],* 245 AD2d 911, 913 [1997]; *Matter of Cox [Mitchell],* 188 AD2d 915, 917 [1992]) that doing so constituted misconduct within the meaning of CPLR 7511 (b) (1) (i). Rather, any error in admitting this testimony was harmless and did not prejudice the appellants (*see Matter of Wiener Furniture Co. [Kingston City Schools Consol.],* 90 AD2d 875 [1982]; *Matter of Murray Walter, Inc. [Laborers Intl. Union of N. Am., Local No. 7],* 54 AD2d 1055, 1056-1057 [1976]), since it is clear that the arbitrator based his decision on Sherman's testimony, not that of Abdullah or Williams (*see Matter of Janis v New York State Div. of Hous. & Community Renewal, supra*).

The dissent's conclusion that the testimony of Abdullah and Williams "apparently" factored in the arbitrator's determination is not supported by the record and is, in fact, contradicted by it. In his decision, the arbitrator found "that [Sherman] admitted negligence in not observing the other vehicle prior to turning left into oncoming traffic," and that there was "no evidence that [Abdullah] was negligent in the use or operation of his vehicle." He noted that the impact was to the left rear portion of Abdullah's vehicle and the front of Sherman's vehicle. He also rejected as speculation the argument that Abdullah was speeding, noting that counsel's reference to Sherman's testimony at her examination before trial "does not reflect the circumstances as [the appellant] wishes them to be."

The appellants' remaining contentions are without merit. S. Miller, J.P., Friedmann and Rivera, JJ., concur.

Crane, J., dissents and votes to reverse the judgment, vacate the order, deny the petition, grant the cross petition, and remit the matter to the American Arbitration Association for a new determination by a different arbitrator, with the following memorandum; The appellant Claire B. Sherman was allegedly injured in a motor vehicle accident when her car collided with a motor vehicle driven by Ahkeem S. Abdullah. She and her husband, suing derivatively, commenced an action against

Abdullah in the Supreme Court, Kings County. Abdullah defaulted and a judgment was entered against him on March 16, 2000.

After the appellants obtained their default judgment, they filed a demand for Supplementary Uninsured/Underinsured Motorists (hereinafter SUM) Arbitration pursuant to the American Arbitration Association (hereinafter the AAA) Rules for Arbitration of Supplementary Uninsured/Underinsured Motorist Insurance Disputes and Uninsured Motorist Insurance Disputes in the State of New York on the issue of damages only. The SUM arbitration clause at issue reads, in pertinent part: "Arbitration: If any insured making a claim under this SUM coverage and we do not agree that such is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by arbitration administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Insurance for this purpose."

I reject the appellants' argument that if both liability and damages are in dispute, they may, at their option, submit to the arbitrator only the issue of damages. If the insured elects to exercise his or her option to proceed to SUM arbitration, all matters in dispute must be submitted to the arbitrator (see Roggio v Nationwide Mut. Ins. Co., 66 NY2d 260, 263 [1985]). I part from the majority, however, because there is no evidence in the record that liability was in dispute, and GEICO's attempt to interject liability as an issue in the arbitration a mere one day prior to its commencement should not have been permitted.

Less than one month after the appellants submitted their demand for arbitration, GEICO filed a petition to stay the SUM arbitration on the grounds that (1) the offending vehicle was insured by Empire Insurance Company (hereinafter Empire) and, therefore, there was no uninsured motor vehicle involved in the accident, (2) with respect to underinsurance, Empire had not tendered its policy nor was any payment made exhausting the Empire policy, (3) the appellants were impermissibly seeking a separate $100,000 for the appellant Lowell Sherman who was not involved in the accident, and (4) the appellants had not complied with the conditions precedent to demanding SUM arbitration in that they failed to appear for

depositions and medical examinations. There was no mention in GEICO's petition for a stay that the appellants were improperly attempting to submit to arbitration less than all of the issues in dispute, or that liability was also in dispute. After Empire tendered its policy, the Supreme Court denied the petition and directed the parties to complete disclosure and proceed to arbitration.

GEICO had a second opportunity to challenge the appellants' limitation to damages only in their demand for arbitration. Section 6 of the AAA Rules entitled Change of Claim, provides that "[i]f a party desires to make any new or different claim, the same shall be made in writing and filed with the AAA and a copy shall be mailed to the other party. After the arbitrator has been appointed, no new or different claim may be submitted except with the arbitrator's consent." The record contains no evidence that GEICO submitted a written claim contesting liability to the AAA or to the appellants, assuming such a claim was previously preserved and remained timely at the arbitration.

The arbitration was scheduled for February 1, 2001. The appellants received on January 31, 2001, a letter from GEICO to the AAA dated January 22, 2001, stating that Abdullah, the driver of the offending vehicle, and his passenger, would testify at the arbitration. Although GEICO did not specify in the letter what these individuals would testify to, there was no other purpose for the offending driver to testify at the arbitration if GEICO was not challenging liability. Thus, the appellants became aware the day prior to the scheduled arbitration, for the very first time, that GEICO was disputing the issue of liability in this matter. At the very least, this late notice should not have been countenanced, as it violated section 19 of the AAA Rules, which requires 15 days' notice of witnesses to be called at an arbitration, as well as section 6, since GEICO did not request permission of the arbitrator to make a new or different claim. The appellants were further stymied the next day when the arbitrator overruled their objections to these witnesses and to the interjection of liability into the arbitration. The arbitrator stated "it probably won't matter anyway." Apparently it did matter because the arbitrator submitted an award in favor of GEICO finding no liability on the part of the offending driver thereby rendering academic the issue of damages.

The Supreme Court and the majority focus solely on the appellants' election to arbitrate damages only, relegating it to a conscious choice of the insured to arbitrate only one of the matters they and the insurance company did not agree upon. This overlooks the fact that the record is devoid of any evidence

that GEICO ever disputed liability or informed the appellants that there was a dispute as to liability as well, at least not until the day before the arbitration. Under these circumstances, it is unfair and unjust to confirm this arbitration award.

Accordingly, I would reverse the judgment, vacate the order, deny the petition, grant the cross petition, and remit the matter to the American Arbitration Association for a new determination by a different arbitrator.