*532 In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, in which Ruth Elnekcave cross-petitioned to vacate the award, the appeal is from an order of the Supreme Court, Nassau County (McCarty, J.), entered July 26, 2002, which granted the petition and denied the cross petition.
Ordered that the order is affirmed, with costs.
The appellant, Ruth Elnekcave, allegedly sustained injuries in a 1995 automobile accident in which she was the front seat passenger. Elnekcave sought intermittent chiropractic, orthopedic, and neurological medical attention over the next five years for her various neck and back complaints, culminating in spinal surgery in March 2001. The surgery revealed, inter alia, a fractured facet which had caused compression of the L5 nerve root.
As the driver of the offending vehicle fled the scene after the accident, Elnekcave filed a claim for uninsured motorist benefits with the vehicle owner’s insurer, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). At the arbitration hearing, Elnekcave’s physicians opined that the fracture resulted from the car accident, and that she was totally disabled. State Farm’s experts opined that the claimed injuries were not causally related to the accident, but were most likely related to a prior 1992 accident in which Elnekcave sustained back injuries, and that her prognosis was nevertheless excellent.
The arbitrator, in an extensive and well-reasoned award decision, discounted portions of Elnekave’s testimony as incredible, credited State Farm’s expert’s opinions, and awarded Elnekcave $35,000 for pain and suffering resulting from cervical and lumbar sprains and strains sustained in the accident. The Supreme Court granted State Farm’s petition to confirm the arbitration award, and denied Elnekcave’s cross petition to vacate the award. We affirm.
The Supreme Court properly confirmed the arbitration award and denied Elnekcave’s cross petition to vacate the award. “It is well settled that where a party who has participated in arbitration seeks to vacate the award, vacatur may only be granted upon the grounds that the rights of that party were prejudiced by corruption, fraud or misconduct in procuring the award, partiality of an arbitrator, that the arbitrator exceeded his power or failed to make a final and definite award, or a procedural failure that was not waived” (Matter of GEICO Gen. Ins. Co. v Sherman, 307 AD2d 967 [2003] [internal quotation marks and citations omitted]; see CPLR 7511 [b] [1]). Contrary to Elnekcave’s contention, even under the closer scrutiny with which we *533 must view the arbitrator’s determination in a compulsory arbitration (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]), the arbitrator’s award finds ample evidentiary support in the record and is rationally based. In addition, even if the arbitrator’s admission into evidence of certain reports was erroneous, vacatur of the award would not be warranted (see Dahn v Luchs, 92 AD2d 537 [1983]; see also Matter of GEICO Gen. Ins. Co. v Sherman, supra; Matter of Janis v New York State Div. of Hous. & Community Renewal, 271 AD2d 878 [2000]). Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.