In the Matter of FIREMAN'S FUND INSURANCE COMPANY, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [846 NYS2d 636]—

In a proceeding pursuant to CPLR article 75 to confirm two arbitration awards, Allstate Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), dated September 8, 2006, which, upon an order of the same

court dated November 30, 2005, in effect, granting the petition and denying its cross motion to vacate the awards, is in favor of the petitioner and against it in the principal sum of $36,274.86.

Ordered that the judgment is affirmed, with costs.

An award in a compulsory arbitration proceeding may be upheld if it has evidentiary support and is not arbitrary and capricious (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]; Matter of DiNapoli v Peak Automotive, Inc., 34 AD3d 674 [2006]; Matter of Eagle Ins. Co. v First Cardinal Corp., 8 AD3d 483 [2004]).

Contrary to the contention of Allstate Insurance Company (hereinafter Allstate), the subject arbitration awards directing it to reimburse the petitioner insurance company for payment of no-fault benefits was not arbitrary and capricious. It is undisputed that Allstate failed to timely file a written answer, and that its answer and accompanying evidentiary submissions were thus rejected by the arbitrator. Furthermore, there is no indication in the record that Allstate offered the arbitrator any explanation for its failure to submit a timely answer, and no representative of the company appeared at the arbitration hearing to offer evidence. Under these circumstances, we cannot conclude that the arbitrator's refusal to consider the lack of coverage defense asserted in Allstate's untimely answer was arbitrary and capricious. Accordingly, the Supreme Court properly confirmed the arbitration awards in favor of the petitioner. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.