■ NEXTEL OF NEW YORK, INC., Respondent-Appellant, v 87-10 51ST AVENUE OWNERS CORPORATION, Appellant-Respondent. [863 NYS2d 58]—

In an action, inter alia, for injunctive relief, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered June 16, 2005, as granted those branches of the plaintiff's motion which were for summary judgment on its first, second, and third causes of action, and for summary judgment dismissing the first, second, and fifth counterclaims and, in effect, searched the record and dismissed the seventh counterclaim, and denied its cross motion for summary judgment on the first, second, fifth, and seventh counterclaims, and for summary judgment dismissing the first, second, and third causes of action, and the plaintiff cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the third and fourth counterclaims.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On June 29, 2001, the plaintiff lessee entered into a Communications Site Lease Agreement (hereinafter the lease) with the defendant lessor to erect and maintain a telecommunications facility in a building owned by the defendant. In January 2004 the defendant informed the plaintiff that it was terminating the parties' lease because it had received a notice of violation from the Department of Buildings of the City of New York (hereinafter the DOB) stating that the plaintiff's work on the premises did not conform to the plans it filed. The plaintiff prepared revised plans reflecting the as-built conditions of the premises and submitted them to the defendant for approval. However, the defendant refused to approve the revised plans.

Thereafter, the plaintiff commenced this action, inter alia, for injunctive relief compelling the defendant to approve the revised plans and to execute the necessary permit applications in order to legalize the work performed in the building. The Supreme Court, among other things, granted those branches of the

plaintiff's motion which were for summary judgment on the first, second, and third causes of action for injunctive relief, and denied that branch of its motion which was for summary judgment dismissing the third and fourth counterclaims. The court denied the defendant's cross motion for summary judgment dismissing the first, second, and third causes of action, and for summary judgment on the first, second, fourth, fifth, sixth, and seventh counterclaims. We affirm.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the first, second, and third causes of action for injunctive relief. The plaintiff submitted evidence demonstrating that it attempted to remedy the violation identified by the DOB by submitting revised plans to the defendant, and that the defendant refused to approve the revised plans. In opposition to this prima facie showing, the defendant failed to raise a triable issue of fact (*see Giuffrida v Citibank Corp.,* 100 NY2d 72, 81 [2003]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Even if the plaintiff had been in default of a covenant of the lease by initially failing to file plans reflecting the as-built conditions, the plaintiff had the right under the terms of the lease to remedy the alleged default by curing the violation within the time fixed for the termination of the lease (*see Ogden v Hamer,* 268 App Div 751 [1944]). However, the defendant prevented the plaintiff from doing so by refusing to approve the revised plans and permit applications (*see Chemical Bank v Stahl,* 272 AD2d 1, 14-15 [2000]). There is no support in the record for the defendant's contention that the as-built conditions did not comply with existing law. Accordingly, the Supreme Court properly granted summary judgment in favor of the plaintiff on its first, second, and third causes of action.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the third counterclaim, as the plaintiff failed to establish its prima facie entitlement to that relief. Moreover, the Supreme Court also properly declined to dismiss the fourth counterclaim, since triable issues of fact exist as to whether the plaintiff is permitted to utilize the defendant's garage roof for the placement of its heating, ventilation, and air conditioning units (*see 400 W. 58th St. Props. Corp. v 400 W. 58th St. Owners' Corp.,* 151 AD2d 310 [1989]).

The defendant's remaining contentions are without merit. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.