In the Matter of ANTHONY MANGANO, JR., Respondent, v UNITED STATES FIRE INSURANCE COMPANY, Appellant. [866 NYS2d 348]—

In a proceeding pursuant to CPLR article 75 to confirm an

arbitration award, in which United States Fire Insurance Company cross-petitioned to vacate the award, the appeal is from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 13, 2007, which granted the petition and denied the cross petition.

Ordered that the order is affirmed, with costs.

The petitioner was a front-seat passenger in a truck owned by his employer and operated by Alessandro Accardo. Accardo was driving on an elevated portion of the Gowanus Expressway in Brooklyn when he swerved to avoid a vehicle that had cut him off. Accardo lost control of the truck and the front right portion of the truck struck a guardrail in the right lane. The impact caused the passenger door to open and the petitioner, who was not wearing a seat belt, was ejected from the truck. The petitioner was flung over the guardrail and landed some 30 feet below the overpass on his back, sustaining spinal fractures. He underwent three spinal surgeries and is permanently partially disabled.

As the driver of the offending vehicle fled the scene of the accident and was never identified, the petitioner filed a claim for uninsured motorist benefits with his employer's insurer, United States Fire Insurance Company (hereinafter USFIC). At the arbitration hearing, USFIC asserted the seat belt defense. Its experts opined that if the petitioner had been wearing the available seat belt, it would have prevented his ejection from the vehicle and reduced the extent of his injuries. The arbitrator found the petitioner sustained damages in the sum of $3,500,000, which he reduced by 80% due to the petitioner's failure to use the available seat belt. In the order appealed from, the Supreme Court granted the petition to confirm the arbitration award, and denied USFIC's cross petition to vacate the award. We affirm.

Since a claim by an insured against an insurance carrier under the uninsured motorists' endorsement is subject to compulsory arbitration, the arbitrator's award is subject to "closer judicial scrutiny" under CPLR 7511 (b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*id.* at 223; *see Matter of Fireman's Fund Ins. Co. v Allstate Ins. Co.*, 46 AD3d 560 [2007]). Under the circumstances presented in this record, the arbitrator's award finds ample evidentiary support in the record and is rationally based (*see Mat-*

*ter of State Farm Mut. Auto. Ins. Co. v Arabov,* 2 AD3d 531 [2003]). Florio, J.P., Angiolillo, McCarthy and Chambers, JJ., concur.