■ In the Matter of AMERICAN EXPRESS PROPERTY CASUALTY Co., Respondent, v ROBERT VINCI, Appellant. [881 NYS2d 484]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Robert Vinci appeals (1) from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered December 17, 2007, which, upon an order of the same court dated August 30, 2007, denying his motion to vacate an arbitration award and granting the petitioner's cross motion to confirm the arbitration award, confirmed the arbitration award (2), as limited by his brief, from so much of an order of the same court dated May 6, 2008, as, upon reargument, adhered to the original determination, and (3) from an order of the same court dated July 1, 2008, which granted the petitioner's motion to quash a subpoena duces tecum.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated May 6, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 1, 2008, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

"Since a claim by an insured against an insurance carrier under the uninsured motorists' endorsement is subject to compulsory arbitration, the arbitrator's award is subject to 'closer judicial scrutiny' under CPLR 7511 (b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties" (*Matter of Mangano v United States Fire Ins. Co.,* 55 AD3d 916, 917 [2008], quoting *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]). " 'To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious' " (*Matter of Mangano v United*

*States Fire Ins. Co.*, 55 AD3d at 917, quoting *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *see Matter of Fireman's Fund Ins. Co. v Allstate Ins. Co.*, 46 AD3d 560 [2007]).

Contrary to the appellant's contention, the arbitrator's award finds evidentiary support in the record and is rationally based (*see Matter of Mangano v United States Fire Ins. Co.*, 55 AD3d 916 [2008]; *Matter of State Farm Mut. Auto. Ins. Co. v Arabov*, 2 AD3d 531 [2003]). In addition, even if the arbitrator failed to consider certain evidence, vacatur of the award would not be warranted (*see Montanez v New York City Hous. Auth.*, 52 AD3d 338 [2008]). Accordingly, upon reargument, the Supreme Court properly adhered to its original determination denying the appellant's motion to vacate the arbitration award, and granting the respondent's cross motion to confirm the award.

Further, the Supreme Court properly determined that the subpoena duces tecum served by the appellant was facially defective because it neither contained nor was accompanied by a notice stating the "circumstances or reasons such disclosure is . . . required" (CPLR 3101 [a] [4]; *see Wolf v Wolf*, 300 AD2d 473 [2002]; *Lazzaro v County of Nassau*, 240 AD2d 546 [1997]; *Knitwork Prods. Corp. v Helfat*, 234 AD2d 345 [1996]). Moreover, the subpoena duces tecum was improperly issued merely for purposes of discovery or to ascertain the possible existence of evidence after the Supreme Court had resolved the motions to vacate and confirm the arbitration award (*see Matter of Terry D.*, 81 NY2d 1042, 1044 [1993]; *Garnot v LaDue*, 45 AD3d 1080, 1083 [2007]; *Matter of Board of Educ. of City of N.Y. v Hankins*, 294 AD2d 360 [2002]). Accordingly, the Supreme Court properly granted the respondent's motion to quash the subpoena duces tecum.

The appellant's remaining contentions are not properly before this Court or are without merit. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.