In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated December 12, 2011, in which Arch Insurance Group and Gallagher Bassett Services cross-petitioned to vacate the award, Arch Insurance Group and Gallagher Bassett Services appeal from (1) an order of the Supreme Court, Suffolk County (Garguilo, J), dated June 5, 2012, which granted the petition and denied the cross petition, and (2) a judgment of the same court entered June 19, 2012, which, upon the order, is in favor of the petitioner and against them in the principal sum of $775,000.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the petitioner.
The appeal from the intermediate order dated June 5, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The petitioner’s service of the demand for arbitration on the appellants’ third-party administrator, who was handling the underlying matter for the appellants, was proper (see generally Matter of Nixon Taxi Corp. [State Farm Gen. Ins. Co.], 154 AD2d 379, 380 [1989]). Contrary to the appellants’ contention, any insufficiencies in the demand for arbitration do not warrant vacatur of the arbitration award since the appellants did not establish the existence of any of the grounds for vacatur articulated in CPLR 7511 (b) (2) (see Matter of Blamowski [Munson Transp.], 91 NY2d 190, 195 [1997]; Cooper v Bruckner, 21 AD3d *913 758, 759-760 [2005]; Matter of Northern Assur. Co. of Am. v Bollinger, 256 AD2d 580, 581 [1998]).
Since a claim by an insured against an insurance carrier under an uninsured/underinsured motorist endorsement is subject to compulsory arbitration, the arbitrator’s award is subject to closer judicial scrutiny under CPLR 7511 (b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties (see Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d 1055 [2009]; Matter of Mangano v United States Fire Ins. Co., 55 AD3d 916 [2008]). “To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious” (Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d at 1055-1056; Matter of Mangano v United States Fire Ins. Co., 55 AD3d at 917). Contrary to the appellants’ contention, the arbitrator’s award has evidentiary support in the record and is rationally based (see Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d at 1056; Matter of Mangano v United States Fire Ins. Co., 55 AD3d at 917; Matter of State Farm Mut. Auto. Ins. Co. v Arabov, 2 AD3d 531, 533 [2003]). Moreover, contrary to the appellants’ contention, there is nothing in the record to suggest that the arbitrator’s award is duplicative of any worker’s compensation benefits that may have been received by the petitioner (see Matter of Fazio v Allstate Ins. Co., 276 AD2d 696, 697 [2000]). Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur.