Matter of Merchant v State Farm Ins. Company-SUM (2020 NY Slip Op 01917)





Matter of Merchant v State Farm Ins. Company-SUM


2020 NY Slip Op 01917


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2019-05826
 (Index No. 711787/18)

[*1]In the Matter of Shonett Merchant, appellant,
v
State Farm Insurance Company-SUM, respondent.


Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Joseph L. Decolator of counsel), for appellant.
Hagelin Spencer LLC, Garden City, NY (Sean Spencer, Matthew D. Pfalzer, and Louis T. Cornacchia III of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to modify an arbitration award dated June 29, 2018, the petitioner appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered December 4, 2018. The order denied the petition and granted the cross petition to confirm the award.
ORDERED that the order is affirmed, with costs.
The petitioner commenced the instant proceeding to modify an arbitration award in the amount of $5,000 on her claim for supplemental uninsured/underinsured motorist (hereinafter SUM) benefits, alleging that the arbitrator erred in offsetting the amount of damages sustained by $25,000, the amount she recovered from the insurance company which covered the other vehicle involved in the automobile accident. The respondent cross-petitioned to confirm the award. The Supreme Court denied the petition for modification and granted the cross petition to confirm the award. The petitioner appeals, and we affirm.
Since a claim by an insured against an insurance carrier under a SUM endorsement is subject to compulsory arbitration, the arbitrator's award is subject to closer judicial scrutiny than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties (see Matter of Deluca v Arch Ins. Group, 109 AD3d 912, 913; Matter of Mangano v United States Fire Ins. Co., 55 AD3d 916, 917). To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d 1055, 1055).
Contrary to the petitioner's contention, the arbitrator did not err in offsetting the amount of damages sustained by the amount received from the insurance company which covered the other vehicle involved in the accident (see 11 NYCRR 60-2.2[a][1][iii], [b][4]; 11 NYCRR 60.-2.3[f]). The purpose of SUM coverage is to provide the insured with the same level of protection [*2]he or she would provide to others were the injured a tortfeasor in a bodily injury accident (see Matter of Prudential Prop. & Cas. Co. v Szeli, 83 NY2d 681, 686; Matter of Government Empls. Ins. Co. v Lee, 120 AD3d 497, 498-499). SUM coverage does not function as a stand-alone policy to fully compensate the insured for his or her injuries (see Matter of Farm Family Cas. Ins. Co. v Gonzalez, 171 AD3d 1053, 1054).
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court