Matter of Sandoval v Allstate Fire & Cas. Co. (2026 NY Slip Op 00378)

Matter of Sandoval v Allstate Fire & Cas. Co.

2026 NY Slip Op 00378

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-07035
 (Index No. 502059/24)

[*1]In the Matter of Arlene Sandoval, appellant,
vAllstate Fire and Casualty Company, etc., respondent.

Michael N. David, New York, NY (Michael B. Thomas, Jr., of counsel), for appellant.
Sweetbaum & Sweetbaum, Lake Success, NY (Joel A. Sweetbaum of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 23, 2023, the petitioner appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 11, 2024. The order denied the petition and confirmed the arbitration award.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 75 to vacate an arbitration award dated October 23, 2023. In an order dated April 11, 2024, the Supreme Court denied the petition and confirmed the arbitration award. The petitioner appeals.
Since a claim by an insured against an insurance carrier under an uninsured/underinsured motorist endorsement is subject to compulsory arbitration, the arbitrator's award is subject to closer judicial scrutiny under CPLR 7511(b) than it would be subject to had the arbitration been conducted pursuant to a voluntary agreement between the parties (see Matter of Deluca v Arch Ins. Group, 109 AD3d 912, 913; Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d 1055; Matter of Mangano v United States Fire Ins. Co., 55 AD3d 916). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (Matter of American Express Prop. Cas. Co. v Vinci, 63 AD3d at 1055 [internal quotation marks omitted]).
Here, the arbitrator's determination had evidentiary support and was not arbitrary and capricious (see O'Shea v Allstate Ins. Co., 215 AD3d 758, 759; Matter of O'Neill v GEICO Ins. Co., 162 AD3d 776, 778; Matter of Deluca v Arch Ins. Group, 109 AD3d at 913).
Accordingly, the Supreme Court properly denied the petition and confirmed the arbitration award.
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court